# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Application Under the Equal Access to Justice Act of -- ) ) ) | |
| SST (Supply & Service Team) GmbH ) | ASBCA No. 59630 |
| ) | |
| Under Contract No. W912PB-06-D-0011 ) | |

APPEARANCE FOR THE APPELLANT: Paul D. Reinsdorf, Esq.
Frankfurt/Main Germany

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
Army Chief Trial Attorney
CPT Jessica E. Hom, JA
Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE PROUTY

Before the Board is the fully briefed application for fees pursuant to the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504, filed by appellant, Supply & Service Team GmbH (SST). Because SST is small enough a business to be eligible for fees, was the prevailing party, and the government's position was not substantially justified, we grant SST's application.

## BACKGROUND[1]

This appeal involves a contract[2] (the contract) between the United States Army (Army) in Germany and SST to provide role-playing actors for the purpose of helping to train soldiers for interactions with civilians on the battlefield. After the Army changed the contract's terms to require the use of Arabic and Pashto-speaking role players, SST encountered difficulty complying with the terms of the contract as originally negotiated. Ultimately, the parties made some adjustments to their expectations and executed a contract modification (Mod 4) in response to SST's request for equitable adjustment. All appeared to be well until an Army Audit Agency (AAA) audit was conducted several months later. This audit concluded that SST had not fully complied with its contractual obligations and resulted in the Army's seeking the return of €688,531 supposedly overpaid to SST. This demand ultimately led to the appeal before us.

---

[1] Unless otherwise noted, these facts are all taken from our earlier decision granting summary judgment in favor of SST: *Supply & Service Team GmbH*, ASBCA No. 59630, 17-1 BCA ¶ 36,678, *reconsideration denied*, 17-1 BCA ¶ 36,742.

[2] Contract No. W912PB-06-D-0011.

Upon consideration of a fully-briefed motion for summary judgment, we granted judgment in favor of SST. In so doing, we concluded that the terms of Mod 4 precluded new claims from either party, including the government. We also held that the Army could not maintain an affirmative defense of fraud that it had advanced before us because there was no evidence from another tribunal supporting a finding of fraud. The government submitted a motion for reconsideration elaborating on certain arguments presented in its original opposition to the motion for summary judgement, which we denied. *Supply & Service Team GmbH*, ASBCA No. 59630, 17-1 BCA ¶ 36,742.

<u>DECISION</u>

EAJA provides that a business with a net worth less than $7,000,000 that prevails before the Board "shall [be] award[ed]" the fees and other expenses that it incurred unless the position of the government was "substantially justified" or other circumstances make such an award unjust. 5 U.S.C. § 504; *see also Rex Systems, Inc.*, ASBCA No. 52247, 02-1 BCA ¶ 31,760 at 156,854. The government has helpfully conceded that SST is the prevailing party, that its application is timely, and that it is of a size to be eligible for an EAJA award (gov't br. at 4-5). Moreover, its opposition to SST's filing does not contest the amount sought by SST. Instead, the entirety of the government's opposition to SST's EAJA application rests upon the notion that the government's position was "substantially justified" as that term is used in the EAJA statute (gov't br. at 5-11). In particular, the government argues that the contracting officer acted justifiably when he relied upon the findings of the AAA to offset SST's costs (*id.* at 6-8); that its interpretation of Mod 4 to be only a limited waiver of its rights was substantially justified (*id.* at 8-9); and that it was substantially justified in relying upon its affirmative defense of fraud (*id.* at 9-11). We disagree on all these particulars.

The law regarding "substantial justification" has changed little of late. To prevail, the government is not required to prove that it had a substantial likelihood of victory in the litigation, but it does bear the burden of proof to demonstrate that "a reasonable person could think [the government's position is] correct, that is [that] it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988); *Rex Systems*, 02-1 BCA ¶ 31,760 at 156,854. Our decision in *Rex Systems* includes an extensive discussion of matters to be considered in substantial justification determinations, amongst them, whether the appeal presented a novel issue and whether there was contrary precedent.[3] *Id.* at 156,854-55 (citations omitted). Put another way, the government position is more likely to be substantially justified when greater "legal uncertainty" is presented. *Id.* at 156,855 (citing *Pat's Janitorial Services, Inc.*, ASBCA No. 29129, 86-2 BCA ¶ 18,995 at 95,923).

---

[3] *Rex Systems* also included whether the matter was one of first impression, *see* 02-1 BCA ¶ 31,760 at 156,854, but we see that as little different than whether the issue presented was "novel."

2

With this in mind, we turn to the arguments presented by the government. First, the government is mistaken in presenting its reliance upon the AAA audit as a reasonable basis for its administrative and litigation decisions separate and apart from its interpretation of Mod 4. As we explained in our earlier decision, Mod 4 – executed by the parties well before the AAA audit – constituted an agreement "that all actions under [the relevant task order] were final" and was a waiver of the Army's "rights to make future challenges upon the money paid to SST." *SST*, 17-1 BCA ¶ 36,678 at 178,600-01. Thus, even if the AAA findings had merit (which we need not decide) or it was appropriate for the contracting officer to rely upon them, they would not offer justification for the contracting officer's decision because the government had previously waived its right to act upon such findings.

This, then, begs the question of whether the government was substantially justified in its preferred interpretation of Mod 4: that it was not a wholesale waiver of the government's rights with respect to the salient task order. Though our decision with respect to the scope of Mod 4 did require the interpretation of superficially ambiguous contract terms, we engaged in our analysis using the written terms of Mod 4, the straightforward application of well-settled law on contract interpretation, and workaday logic. *SST*, 17-1 BCA ¶ 36,678 at 178,600. We found, in fact, that there was no ambiguity in Mod 4 and that our reading was "the only plausible reading of the release language." *Id.* No legal uncertainty was presented that would preclude a party from engaging in the same analysis, and merely because a matter is complicated does not mean that taking the incorrect side of it is reasonably supported by law and fact. The waiver in Mod 4 was sweeping, and interpreting it otherwise was not a substantially justified position.

Finally, we turn to the question of whether the government's fraud defense was substantially justified. The government argues that, since we relied upon the Federal Circuit decision in *Laguna Construction Co. v. Carter*, 828 F.3d 1364 (Fed. Cir. 2016), to dispose of this defense, and that decision was only issued in the midst of this litigation, its reliance upon that defense was substantially justified (gov't br. at 10-11). The government is mistaken.

We raised *Laguna* with the parties because it was evident that the government's affirmative defense rested upon a theory that was most directly articulated when *Laguna* was argued before the Board (prior to the instant appeal). *See Laguna Construction Co.*, ASBCA No. 58324, 14-1 BCA ¶ 35,748. But the portion of the Federal Circuit's holding in *Laguna* that was fatal to the government's defense (that part which noted that the Board, itself, could not make findings of fraud, but needed to rely upon the findings of other bodies) relied on a previous decision of ours that has

3

not been challenged and is more than fifteen years old.[4] *See Laguna*, 828 F.3d at 1368-69 (citing *AAA Eng'g & Drafting, Inc.*, ASBCA No. 47940 *et al.*,[5] 01-1 BCA ¶ 31,256). Because there was no recent change in the law excusing the government's belief that it could present a fraud defense to us without factual findings of fraud from another body, the government's reliance upon such a defense was not substantially justified.

## CONCLUSION

The government has conceded SST's entitlement to fees under EAJA and has not carried its burden to prove that its defense of this appeal was substantially justified. Moreover, the government has not challenged the quantum of $39,767.79 in fees and expenses sought by SST, which is amply supported by invoices and affidavits and which appears to us to be reasonable. SST's application for the award of $39,767.79 in fees and expenses is granted.

Dated: 12 December 2017

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

REBA PAGE
Administrative Judge
Armed Services Board
of Contract Appeals

---

[4] In our opinion on the merits we noted that this law might have been ripe for re-evaluation, but that the Army declined to argue for it. *SST*, 17-1 BCA ¶ 36,678 at 178,601-02.

[5] The *Laguna* decision included an incorrect ASBCA number for *AAA Engineering*, which we have corrected here.

4

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals on an application for fees and other expenses incurred in connection with ASBCA No. 59630, Appeal of SST (Supply & Service Team) GmbH, rendered in accordance with 5 U.S.C. § 504.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

5